IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY MARSHALL, #183459,

    Plaintiff,                    :

    v.                           :    CIVIL ACTION NO. RWT-13-2813

DR. KRUTI PATEL, et al.,         :

    Defendants.            :

**MEMORANDUM OPINION**

Plaintiff, a Maryland prisoner currently incarcerated at Jessup Correctional Institution in Jessup, Maryland (hereinafter "JCI"), has sued Defendants, physicians working at the University of Maryland Medical Center ("UMMC"). Plaintiff alleges Defendants are denying him pain medications during outpatient visits for cancer treatment. As a result, he claims he refused to "show-up" for many of the scheduled outpatient treatments. ECF Nos. 1 and 4. He cites to the Civil Rights Act, 42 U.S.C. § 1983, as the basis for jurisdiction and seeks a court order whereby Defendants would be ordered to provide him pain medication during his outpatient visits.[1] ECF No. 4.

Defendants have moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). They claim they are entitled to dismissal on the basis that they are not subject to suit under the Civil Rights Act. Defendants further state there is no diversity jurisdiction permitting this case to otherwise proceed as a tort action, and that even if diversity were found, Plaintiff has failed to comply with a mandatory condition precedent of Maryland law. ECF No. 9. Plaintiff opposes the Motion, arguing that Defendants are agents of the State

---

[1] The court notes that Plaintiff has filed two cases in the District Court of Maryland against these Defendants for identical claims of medical negligence. The actions were consolidated and transferred to the Circuit Court for Baltimore City on December 6, 2013. *See Marshall v. Vujaskovic, et al.,* Case No. 24C13007881, found at http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=24C13007881&loc=69&detailLoc=CC.

because they have agreed to treat a prisoner. ECF No. 10. In reply, Defendants elaborate further on their argument that they are not subject to § 1983 liability under the Eighth Amendment, and posit that this case can be dismissed because Plaintiff has accrued more than three "strikes" pursuant to 28 U.S.C.1915(g).[2] ECF No. 11. As no hearing is needed to resolve this case under Local Rule 105.6 (D. Md. 2011), Defendants' request for a hearing (contained in ECF No. 11) shall be denied.

**Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction raises the issue of "whether the court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). Upon a challenge to jurisdiction, the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also United States ex. rel. Vuyyuru v. Jadhau*, 555 F.3d 337, 347 (4th Cir. 2009).

A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (internal citation omitted); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp.2d 730, 736 (D. Md. 2001). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see also Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). In a factual challenge, on the other hand, "the district court is entitled to

---

[2] The court screened the Complaint at the time it was filed, and permitted the case to proceed because it contained allegations of denial of healthcare that might place Plaintiff in imminent danger. Defendants are not entitled to dismissal in reliance on the "three strikes" provision of the Prison Litigation Reform Act.

decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *Evans*, 166 F.3d at 647. That is, "the court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (internal citation omitted).

If "a claim fails to allege facts upon which the court may base jurisdiction," the court may properly grant a motion to dismiss for lack of subject matter jurisdiction. *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (internal citation omitted). "Unless 'the jurisdictional facts are intertwined with the facts central to the merits of the dispute,' the district court may . . . resolve the jurisdictional facts in dispute by considering evidence . . . such as affidavits." *United States ex rel. Vuyyuru*, 555 F.3d at 347-48 (internal citation omitted). Alternatively, the court may "hold an evidentiary hearing to determine whether the facts support the jurisdictional allegations." *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *accord Kerns*, 585 F.3d at 192.

"'The purpose of a Rule 12(b)(6) motion [to dismiss] is to test the sufficiency of a complaint.'" *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010) (internal citation omitted). A Rule 12(b)(6) motion constitutes an assertion by the defendant that, even if the facts that plaintiff alleges are true, the complaint fails, as a matter of law, "to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). Therefore, in considering a motion to dismiss under Rule 12(b)(6), a court must "'accept[] as true the well-pled facts in the complaint and

view[] them in the light most favorable to the plaintiff.'" *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011) (internal citation omitted).

## Analysis

Defendants' dispositive motion most closely resembles a facial challenge asserting that the allegations pleaded in the Complaint are insufficient to establish subject matter jurisdiction. Plaintiff, who has been diagnosed with prostate cancer, receives oncology care from both JCI and medical professionals at the University of Maryland Medical Center, including but not limited to, Dr. Patel and Dr. Vujaskovic. A non-profit hospital entity like UMMC is a private corporation, even though it operates solely for the benefit of the public. *See Sadler v. Dimensions Healthcare Corp.*, 378 Md. 509, 531 (2003) (citing *Levin v. Sinai Hosp. of Balto.*, 186 Md. 174 (1946)). Thus, neither physician is a "state actor" amenable to suit under the Civil Rights Act.[3]

This Court is a court of limited original jurisdiction and does not sit to review every claim related to a state tort claim such as medical malpractice or tortious conduct involving non-federal parties.[4] It only has authority to review such claims if the claims are sufficient to establish federal diversity of citizenship jurisdiction. When a party seeks to invoke diversity jurisdiction under § 1332, he "bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989); *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Plaintiff is

---

[3] The fact that UMMC accepts and treats Maryland prisoners does not convert it and its employees to "state actors."

[4] This court does not have original subject matter jurisdiction over such disputes. Further, there are no facts to suggest a federal question is presented pursuant to 28 U.S.C. § 1331.

4

a Maryland resident and the Defendants provide medical services in Maryland. Diversity jurisdiction, therefore, has not been established.

As there is neither federal question nor diversity jurisdiction, the lawsuit must be dismissed. A separate Order shall be entered in accordance with this Memorandum Opinion.


<u>Date</u>:  April 9, 2014                                                      /s/                        
                                                                    ROGER W. TITUS
                                                          UNITED STATES DISTRICT JUDGE